UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CRUZ and CARLOS CRUZ, | Civil Action No: 17-cv-12765 (PGS)(DEA) |
| *Plaintiffs*, | |
| v. | MEMORANDUM AND ORDER |
| GEICO INSURANCE/GOVERNMENTAL EMPLOYEES INSURANCE COMPANY, *et. al*, | |
| *Defendants*. | |

This matter is before the Court on Plaintiff Maria Cruz's motion to remand the case to the Superior Court of New Jersey, Middlesex County. (ECF No. 7). For the reasons expressed below, Plaintiff's motion is denied.

### BACKGROUND

This case arises from an insurance coverage dispute. On September 25, 2017, Plaintiff Maria Cruz, a New Jersey resident, filed her Complaint against her insurance company, Defendant Geico Insurance/Government Insurance Company (hereinafter, "Geico"), an insurance company with its principal place of business in Maryland. (ECF No. 1, "Notice of Removal" at ¶¶ 1, 8-9). According to the Complaint, on October 2, 2014, Plaintiff was involved in a car accident with Deliah Martinez, and suffered serious permanent injuries as a result. (ECF No. 1-1, "Complaint" at ¶¶ 3-4). Thereafter, Martinez settled with Plaintiff for the full amount available under her policy, $25,000. (*Id.* at ¶¶ 5-6). According to Geico, it issued Plaintiff an uninsured/underinsured motorist insurance policy, with policy limits of $100,000/$300,000, respectively. (Notice of Removal at ¶ 11). In her Complaint, Plaintiff, seeks to recover the remaining balance, under her policy, from Geico, $75,000; in addition, Plaintiff also seeks legal fees and punitive damages, based on Geico's

1

alleged bad faith conduct. On December 7, 2017, Geico removed the matter to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. The sole issue before this Court is whether the present matter should be remanded to the Superior Court pursuant 28 U.S.C. § 1447(c).

## LEGAL STANDARD

An action that has been removed to federal court can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective. Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) Moreover, under Section 1446(a), when a defendant seeks to remove a civil action from State court, he or she must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). According to the Third Circuit, the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, on a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998). "Under 28 U.S.C. § 1441(a), defendants may generally remove civil actions from state court to federal court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). Removal is improper where "complete diversity" is lacking between each plaintiff and each defendant. *Harvey v. Blockbuster, Inc.* 384 F. Supp. 2d 749, 752 (D.N.J. 2005).

## ANALYSIS

Initially, Plaintiff sought to remand since the Complaint fails to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a).[1] However, at oral argument, Plaintiff abandoned this argument and now contends diversity jurisdiction is lacking since, under the "direct action" provision of 28 U.S.C. § 1332(c), Geico is considered a citizen of New Jersey for purposes of diversity jurisdiction.

The principles of diversity jurisdiction are well-established. District Courts have subject matter jurisdiction "over civil actions between 'citizens of different States' where 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (quoting 28 U.S.C. § 1332(a)). For diversity purposes, corporations are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). One caveat to this rule, however, is that an insurer of a liability policy, sued in a direct action, is deemed not only to be a citizen of the state of its incorporation and principal place of business, but also the state in which the insured is a citizen. *Id.* As such, direct actions against insurers eliminates diversity jurisdiction. Thus, the sole issue, is whether the present matter constitutes a "direct action" under Section 1332(c)(1).

"A true 'direct action' suit is '[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 n.2 (2009) (quoting Black's Law Dictionary 491 (8th ed.

---

[1] Given that Plaintiff seeks to recover the remaining $75,000 under the policy, in addition to attorney fees and punitive damages, the Court is satisfied that Plaintiff's Complaint satisfies the amount in controversy. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied).

3

2004)). As such, a direct action "exists only if 'the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured.'" *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 335 (D.N.J. 2010) (quoting *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989)). "Accordingly, actions by an insured against his own insurer under the uninsured motorist provisions of the policy, the precise situation in the instant case, have been held not to constitute direct actions within the proviso of § 1332(c)." *State Farm Ins. Co v. Evans*, 712 F. Supp. 57, 59 (E.D. Pa. 1989) (collecting cases). Thus, Plaintiff's suit against Geico is not a direct action, since she asserts claims against her *own* insurer, not another insured. Therefore, Plaintiff's motion to remand based on lack of diversity is denied.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ___3___ day of ___April___ 2018,

**ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.